UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TERRY PETER AUTHEMENT, JR.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 09-5837** |
| **TERREBONNE PARISH SHERIFF'S OFFICE, SHERIFF OF TERREBONNE PARISH, MEDICAL DEPT. IN TPCJC, TERREBONNE PARISH, STATE OF LOUISIANA, TPCJC** | **SECTION "S" (4)** |

## REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. § 636(1)(B) and (C), § 1915(e)(2), and § 1915A**, and as applicable, **42 U.S.C. § 1997e(c)(1) and (2)**. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing.

### I.  Factual Summary

The plaintiff, Terry Peter Authement, Jr. ("Authement"), is a prisoner housed in the Terrebonne Parish Criminal Justice Complex ("TPCJC") in Houma, Louisiana. Authement filed this *pro se* and *in forma pauperis* complaint pursuant to 42 U.S.C. §1983 against the Terrebonne Parish Sheriff's Office ("TPSO"), the Terrebonne Parish Sheriff, Terrebonne Parish, the Terrebonne Parish Criminal Justice Complex ("TPCJC"), the TPCJC medical department, and the State of Louisiana.

Authement alleges that upon his arrival at the TPCJC, on April 5, 2009, he informed the medical personnel that he had a missing Achilles Tendon in his left ankle. He also notified personnel at the Louisiana State Penitentiary in Angola, Louisiana, about his condition when he was temporarily shipped there for holding as a Terrebonne Parish prisoner. He further alleges that, in spite of his condition, he had to climb up one flight of stairs to get to his cell and he had to climb into a top bunk to which he was assigned.

Authement also claims that after making several requests to be moved, on April 17, 2009, he fell down the steps injuring his left ankle and his left wrist. He indicates that he did not file a grievance complaint about this incident, although he did receive medical care after the fall.

Authement argues that the medical personnel at TPCJC should not have allowed him to climb stairs or to be placed in a top bunk. He further claims that he should have been placed in the medical dormitory in a lower bunk.

He further alleges that he named the State of Louisiana as a defendant because it partially or fully funds the TPCJC. He named the TPCJC as a defendant because that is where the accident happened. He also named the Sheriff and the Sheriff's Office because they are in control of the jail.

He requests $75 million in compensatory damages, to have the charges against him dropped, to have his complete criminal record expunged, and his immediate release.

## II. Standard of Review for Frivolousness

Title 28 U.S.C. § 1915A and Title 42 U.S.C. § 1997e(c) require the Court to *sua sponte* dismiss cases filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous. The Court has broad discretion in determining the frivolous nature of the complaint. *See Cay v. Estelle*, 789 F.2d 318 (5th Cir. 1986), *modified on other grounds, Booker v. Koonce*, 2 F.3d

114 (5th Cir. 1993). However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Under this statute, a claim is frivolous only when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Neitzke*, 490 U.S. at 327-28. Therefore, the Court must determine whether the plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations. *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994); *see Jackson v. Vannoy*, 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus*, 976 F.2d 268, 269 (5th Cir. 1992).

### III.    Analysis

#### A.    Eleventh Amendment Immunity

Authement named the State of Louisiana as a defendant based on his assertion that it contributes funds to the TPCJC. However, a claim against the State in this court is barred by the Eleventh Amendment and must be dismissed.

The Eleventh Amendment to the United States Constitution forbids federal courts from entertaining a suit for monetary damages brought by a citizen against his or her own State. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98 (1984); *Voisin's Oyster House, Inc. v. Guidry*, 799 F.2d 183, 185-86 (5th Cir. 1986). An exception to the Eleventh Amendment

prohibition exists where the State has expressly waived its sovereign immunity. *See Edelman v. Jordan*, 415 U.S. 651, 673 (1974) (holding that a state's consent to suit against it in federal court must be expressed unequivocally); *Welch v. Dept. of Highways*, 780 F.2d 1268, 1271-73 (5th Cir. 1986). However, the State of Louisiana has not done so in this case. Furthermore, La. Rev. Stat. Ann. § 13:5106(a) provides that "no suit against the state . . . shall be instituted in any court other than a Louisiana state court."

Thus, the plaintiff's claims against the State of Louisiana are barred by the Eleventh Amendment. Because the Eleventh Amendment deprives this Court of jurisdiction over the claims against the State, those claims should be dismissed without prejudice, *see Warnock v. Pecos County, Texas,* 88 F.3d 341, 343 (5th Cir. 1996), because they are frivolous, fail to state a claim for which relief can be granted, and seek relief against an immune defendant pursuant to 28 U.S.C. § 1915, § 1915A, and 42 U.S.C. § 1997e.

### B. Other Improper Defendants

Authement also names as defendants the TPCJC, the medical unit at the TPCJC, and the TPSO. These entities are not subject to suit and any claims against these entities are frivolous.

Section 1983 imposes liability on any "person" who violates someone's constitutional rights while acting under color of state law. 42 U.S.C. § 1983 (2006); *see Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989). In accordance with Rule 17(b) of the Federal Rules of Civil Procedure, Louisiana law governs whether these defendants can be sued.[1] Under Louisiana law, to possess such a capacity, an entity must qualify as a "juridical person." This term is defined by the Louisiana Civil

---

[1] Rule 17(b) of the Federal Rules of Civil Procedure provides that "capacity to sue or be sued shall be determined by the law of the state in which the district court is held." *See* Fed.R.Civ.P. 17(b).

4

Code as "an entity to which the law attributes personality, such as a corporation or partnership." La. Civ. Code Ann. art. 24 (2008).

The State of Louisiana, however, grants no such legal status to any Parish Sheriff's Office. *Liberty Mut. Ins. Co. v. Grant Parish Sheriff's Dep't*, 350 So. 2d 236 (La. Ct. App. 1977), *writ refused*, 352 So. 2d 235 (La. 1977). Thus, none of the Parish Sheriff's Offices are legal entities capable of suing or being sued. *Ruggiero v. Litchfield*, 700 F. Supp. 863, 865 (M.D. La. 1988). Accordingly, the Terrebonne Parish Sheriff's Office is not a juridical person capable of being sued under § 1983. The claims, if any, against the TPSO are frivolous and otherwise fail to state a claim for which relief can be granted pursuant to 28 U.S.C. § 1915(e) and § 1915A, and 42 U.S.C. § 1997e.

Furthermore, under federal law, a county (or parish) prison facility is not a "person" within the meaning of Rule 17. *Cullen v. DuPage County*, No. 99 C 1296, 1999 WL 1212570, at *1 (N.D. Ill. Dec. 14, 1999); *Whitley v. Westchester County Corr. Facility Admin.*, No. 97 CIV. 0420(SS), 1997 WL 659100, at *6 (S.D.N.Y. Oct. 22, 1997); *Powell v. Cook County Jail*, 814 F. Supp. 757, 758 (N.D. Ill. 1993); *Hancock v. Washtenaw County Prosecutor's Office*, 548 F. Supp. 1255, 1256 (E.D. Mich. 1982). The Court finds no law, constitutional, statutory, or otherwise, that defines a parish jail or any unit or department therein to be a person with the capacity to sue or to be sued. A parish jail is, as this Court has previously described, "not an entity, but a building." *See Jones v. St. Tammany Parish Jail,* 4 F. Supp. 2d 606, 613 (E.D. La. 1998) (dismissing St. Tammany Parish Jail with prejudice); *Dale v. Bridges*, No. 96-3088, 1997 WL 810033, at *1 n.1 (N.D. Tex. Dec. 22, 1997) (Dallas County Jail is not a jural entity capable of being sued), aff'd, 154 F.3d 416 (5th Cir.

1998). Thus, the Terrebonne Parish Criminal Justice Complex and its medical unit are not proper defendants in this case.

Furthermore, a parish jail also lacks the capacity to sue or be sued under Louisiana law.[2] Although Louisiana courts have not yet ruled on the precise issue of whether a parish jail is a juridical person that can sue or be sued, the Louisiana Supreme Court in *Roberts v. Sewerage and Water Bd. of New Orleans*, 634 So. 2d 341 (La. 1994), set forth a framework within which to determine an entity's juridical status. The Court in *Roberts* stated:

> [t]he important determination with respect to the juridical status or legal capacity of an entity is not its creator, nor its size, shape, or label. Rather the determination that must be made in each particular case is whether the entity can appropriately be regarded as an additional and separate government unit for the particular purpose at issue. In the absence of positive law to the contrary, a local government unit may be deemed to be a juridical person separate and distinct from other government entities, when the organic law grants it the legal capacity to function independently and not just as the agency or division of another governmental entity. 1 Sands & Libonati, § 2.18 and authorities cited therein, §§ 2.19, 2.20. Such a determination will depend on an analysis of specifically what the entity is legally empowered to do.

*Roberts,* 634 So. 2d at 346-47. In concluding that the Sewerage and Water Board was capable of being sued, the *Roberts* Court focused its analysis on the independent management, financing and operations of the Board. *See id.* at 352.

By contrast, in *City Council of Lafayette v. Bowen*, 649 So. 2d 611, 616 (La. Ct. App. 1994), *writ denied*, 650 So. 2d 244 (La. 1995), the Louisiana Third Circuit Court of Appeals held that under the *Roberts* analysis, the City Council of Lafayette had no capacity to sue or be sued. In so holding, the Court expressly found "no authority, constitutional, statutory, or via home rule charter" that

---

[2]Rule 17(b) of the Federal Rules of Civil Procedure provides that the "capacity to sue or be sued shall be determined by the law of the state in which the district court is held." *See* Fed.R.Civ.P. 17(b).

authorized the Lafayette City Council to institute a law suits on its own motion. *Bowen*, 649 So. 2d at 613.

In this case, state law divides responsibility for parish jails. The parishes are charged with their jails' physical maintenance. *See* La. Rev. Stat. Ann. § 15:702 (2008). However, the duty to administer and operate the jails falls on the sheriff of each parish. *See* La. Rev. Stat. Ann. § 15:704 (2008). The office of sheriff is a constitutional one in Louisiana, existing separately from parish government. La. Const., Art. 5, § 27; *see also Langley v. City of Monroe*, 582 So. 2d 367, 368 (La. Ct. App. 1991) (holding that parish could not be liable for injuries attributed to sheriff). Under the *Roberts* framework, the Terrebonne Parish Criminal Justice Complex is not "legally empowered to do" anything independently of either Terrebonne Parish or the Terrebonne Parish Sheriff. *Roberts*, 634 So. 2d at 347. The jail is not a separate entity, but merely a shared branch or facility of these two greater entities.

For all of these reasons, the claims against the Terrebonne Parish Criminal Justice Complex and against the medical unit at the jail are frivolous and otherwise fail to state a claim for which relief can be granted pursuant to 28 U.S.C. § 1915(e) and § 1915A, and 42 U.S.C. § 1997e.

### C. Claims Against Terrebonne Parish

Authement also lists Terrebonne Parish as a defendant, because it may be partially responsible for running the TPCJC. For the following reasons, any claims against the Parish are frivolous and otherwise fail to state a claim for which relief can be granted.

Terrebonne Parish, as a local governing body, is a "person" within the meaning of § 1983 and therefore is subject to suit under that provision. *Monell v. Dep't of Soc.Servs.*, 436 U.S. 658, 694 (1978). However, a governmental body may not be held vicariously liable for the actions of its

7

employees; rather, it can be liable only "when execution of a government's policy or custom . . . inflicts the injury that the government as an entity is responsible." *Monell*, 436 U.S. at 694. Further, the plaintiff must allege not merely that such an unconstitutional policy or custom exists, but that it was the proximate cause of his injury. *See Collins v. City of Harker Heights*, 503 U.S. 115, 122-24 (1992); *Berry v. McLemore*, 670 F.2d 30, 33-34 (5th Cir. 1982), *overruled on other grounds*, *Int'l Woodworkers of America v. Champion Int'l Corp.*, 790 F.2d 1174 (5th Cir. 1986).

In the instant case, Authement has not alleged a legitimate basis for having named the Parish in his complaint. He has not identified a parish policy, practice, or custom which caused the damages he asserts in the manner contemplated *Monell*. Instead, his claims are based on specific actions or inactions by personnel at the prison. Consequently, the claims against Terrebonne Parish should be dismissed as frivolous and for failure to state a claim for which relief may be granted pursuant to § 1915(e), § 1915A, and § 1997e.

### D. <u>Claims Against the Terrebonne Parish Sheriff</u>

Authement has also named as a defendant the Sheriff of Terrebonne Parish because he "runs" the prison. The claims against the Sheriff also are frivolous.

A supervisory official, like the Sheriff, can not be held liable under § 1983 under a theory of *respondeat superior* simply because personnel at the prison allegedly violated the plaintiff's constitutional rights. *See Alton v. Tex. A&M Univ.*, 168 F.3d 196, 200 (5th Cir. 1999); *Baskin v. Parker*, 602 F.2d 1205, 1220 (5th Cir. 1979). Rather, the Sheriff may only be liable under § 1983 if he was personally involved in the acts causing the deprivation of the plaintiff's constitutional rights or a causal connection existed between an act by the Sheriff and the alleged constitutional violation. *Smith v. Brenoettsy*, 158 F.3d 908, 911 (5th Cir. 1998) (citing *Sims v. Adams*, 537 F.2d

8

829, 831 (5th Cir. 1976)); *Douthit v. Jones*, 641 F.2d 345, 346 (5th Cir. 1981); *Watson v. Interstate Fire & Cas. Co.*, 611 F.2d 120, 123 (5th Cir. 1980).

Authement does not allege that the Sheriff was present for, or personally involved in, his placement in the prison or his medical care. Authement also has not alleged that his injury was the result of any directive, supervised training or activity, or other policy set forth by the Sheriff which would create vicarious liability. *See Thompson v. Upshur County*, 245 F.3d 447, 459 (5th Cir. 1991); *Johnson v. Moore*, 958 F.2d 92, 94 (5th Cir.1992); *see also*, *City of St. Louis v. Praprotnik*, 485 U.S. 112, 124-25 (1988); *Bennett v. Pippin*, 74 F.3d 578, 586 (5th Cir. 1996). Instead, Authement simply names the Sheriff as the head of the TPCJC. Thus, the Court finds that his claims against the Sheriff are frivolous and otherwise fail to state a claim for which relief can be granted pursuant to § 1915(e), § 1915A, and § 1997e.

### E. Failure to Exhaust Administrative Remedies

Even if Authement could state a claim against a named defendant, or could identify a proper defendant by amendment, he did not exhaust administrative remedies in connection with these claims. For that reason, the claims would not be viable and amendment would be futile.

Title 42 U.S.C. § 1997e(a), as amended by the Prison Litigation Reform Act ("PLRA"), provides that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The United States Supreme Court has held that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other

wrong." *Porter v. Nussle*, 534 U.S. 516 (2002). Therefore, by its very terms, the PLRA applies to the § 1983 claims raised by the plaintiff.

Proper exhaustion requires that the prisoner not only pursue all available avenues of relief but also comply with all administrative deadlines and procedural rules. *Woodford v. Ngo*, 548 U.S. 81, 89-93 (2006). A prisoner cannot satisfy the exhaustion requirement "by filing an untimely or otherwise procedurally defective administrative grievance or appeal." *Id.* at 83-84. In addition, the failure to exhaust is an affirmative defense and, under the PLRA, "inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones v. Bock*, 549 U.S. 199, 216 (2007). However, a district court may as part of its initial screening process dismiss a complaint for failure to state a claim based upon the plaintiff's failure to exhaust only when "the complaint itself makes clear that the prisoner has failed to exhaust." *Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007).

In his complaint, Authement indicates that the TPCJC has a grievance system. He states, however, that the filing of a grievance complaint was not necessary because he was taken for medical treatment of his injuries.[3] Authement makes clear in the complaint that he has not exhausted. Therefore, his § 1983 claims asserted against a proper defendant would still have to be dismissed for failure to exhaust. However, since Authement has not asserted a cognizable § 1983 claim against a proper defendant, his claims should be dismissed as frivolous and otherwise for failure to state a claim for which relief can be granted for the reasons set forth in the previous sections.

---

[3] Rec. Doc. No. 1, p.2, ¶II.

### F. Habeas Corpus Related Claims

As part of his request for relief, Authement seeks to have his current criminal charges dropped, to be released from jail, and to have his criminal record be expunged. This relief sounds in the law of habeas corpus. This civil rights proceeding is not appropriate for pursuing that type of relief. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Clarke v. Stalder*, 121 F.3d 222, 226 (5th Cir. 1997), *reh'g en banc granted and opin. vacated*, 133 F.3d 940 (5th Cir. 1997), *rev'd in part on other grounds and opin. reinstated in relevant part*, 154 F.3d 186, 187 (5th Cir. 1998) (*en banc*); *Hernandez v. Spencer*, 780 F.2d 504, 504 (5th Cir. 1986). Authement should pursue any such relief in a properly filed state criminal motion, post-conviction application, or federal habeas corpus proceeding, if appropriate.

## IV. Recommendation

It is therefore **RECOMMENDED** that Authement's § 1983 claims against the State of Louisiana be **DISMISSED WITHOUT PREJUDICE** as frivolous, for failure to state a claim for which relief can be granted, and/or for seeking relief against an immune defendant pursuant to § 1915(e)(2), § 1915A, and §1997e, because the claims are barred by the Eleventh Amendment.

It is further **RECOMMENDED** that Authement's § 1983 claims against the Terrebonne Parish Criminal Justice Complex, the medical unit at the Terrebonne Parish Criminal Justice Complex, Terrebonne Parish, the Terrebonne Parish Sheriff's Office, and the Terrebonne Parish Sheriff be **DISMISSED WITH PREJUDICE** as frivolous and/or for failure to state a claim for which relief can be granted pursuant to § 1915(e)(2), § 1915A, and §1997e.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within ten (10) days** after

being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this 21st day of October, 2009.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**